IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN MONTANO and RUTHIE MONTANO,
Individually and as Parents and Guardians of
ZACKARY KYLE MONTANO, a minor and
HANNAH JOY MONTANO, a minor,

       Plaintiffs,

vs.                                                                                   Civ. No. 99-344 RLP/WWD

ALLSTATE INDEMNITY COMPANY and
BILLIE JO MARSH,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Defendant Allstate Insurance Company's Motion to Compel Initial Disclosures filed October 12, 1999 [docket no. 66]. Defendant Allstate Insurance Company (hereinafter "Defendant") seeks "a list of health care providers, clinics and hospitals which have treated him [plaintiff] within the last ten years." Defendant also seeks the identity of the "expert" who examined Plaintiffs' wrecked Mercedes as well as the production of certain documents or records concerning the expert, his opinions, and the work done by him. Plaintiffs indicate that the motion should be denied with respect to the production of medical records for the reason that Plaintiffs have promised that such production shall be made. Plaintiffs resist disclosing the expert who examined Plaintiffs' damaged Mercedes automobile claiming that the expert was a consulting expert who will not be used at trial. Plaintiffs indicate that the identity

of the expert will be disclosed in the event that Plaintiffs make a claim for spoliation of evidence based on Defendant's destruction of Plaintiffs' damaged Mercedes.

DISCUSSION.

If he has not already done so, Plaintiff should produce to Defendant "a list of health care providers, clinics and hospitals which have treated him [plaintiff] within the last ten years", on or before November 12, 1999.  Notwithstanding the broad general language in Fed. R. Civ. P. 26(a)(1)(A),  I find that disclosures concerning experts are specifically dealt with in Fed. R. Civ. P.  26(a)(2)(A) which states that it is "[i]n addition to the disclosures required by paragraph (1)".  If a party were required to disclose initially an investigating expert's identity under Fed. R. Civ. P. 26(a)(1)(A), there would be little reason to again require that his identity be disclosed as an expert as required by Fed. R. Civ. P. 26(a)(2)(A).  The same reasoning would seem to apply to the documents, etc., generated by the expert in his investigation.  Accordingly, I find that this portion of Defendant's Motion to Compel should be denied.

Discovery in this cause should proceed in accordance with the foregoing.

  IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE