IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN MONTANO, Individually
and as Parent and Guardian of
ZACKARY KYLE MONTANO, a minor,
and HANNAH JOY MONTANO, a minor,

    Plaintiffs,

v.	Civ. No. 99-0344 RLP/WWD

ALLSTATE INDEMNITY COMPANY and
BILLIE JO MARSH,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Motion to Preclude Polygraph Evidence or for Independent Polygraph Examination. Having reviewed the submissions of the parties, the court finds that Defendants' motion is well-taken and shall be granted.

On February 24, 1999, Plaintiff John Montano was in a single vehicle automobile accident, which left him seriously injured. Mr. Montano sought coverage under the uninsured motorist provision of his insurance policy with Defendant Allstate. Mr. Montano's claim for uninsured motorist coverage is based on his statement that an unknown truck was spilling debris on the highway and when he swerved to avoid the debris he lost control of the vehicle. Allstate contends there is no evidence of any truck or any debris and that Mr. Montano's own negligence is the sole cause of the accident. Thus, the central issue in this case is whether or not the debris-spilling truck exists.

After his automobile accident, Mr. Montano took a polygraph examination.[1] According to Mr. Montano and the polygraph examiner, the results indicated that Mr. Montano was telling the truth about there being a truck on the highway spilling debris. (He was asked three questions about the accident.) Allstate was not given notice and was not present at the examination.

Based on Fed.R.Evid. 403, Defendants seek to have the polygraph evidence excluded at trial because (1) the evidence is improper bolstering; and (2) the polygraph was taken unilaterally. Defendants state that for the purposes of their motion they are willing to concede that the polygraph taken would meet all, or substantially all, of the criteria set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Plaintiffs argue that the court must hold a *Daubert* hearing to determine whether the polygraph evidence is reliable. Alternatively, Plaintiffs ask this court to reserve ruling in the event the Tenth Circuit Court of Appeals orders remand.[2]

This case is controlled by the Tenth Circuit's opinion in *United States v. Call*, 129 F.3d 1402 (10th Cir. 1997), *cert. denied*, 524 U.S. 906 (1998). In that case, the defendant

---

[1] The examination took place in October, 1999. A year earlier, another examiner had been unable to take a polygraph due to Mr. Montano's "lack of response in the G.S.R. [flight or fight] component." Exhibit D to Plaintiffs' Response. Apparently, after it was discovered that Mr. Montano could not take the test Allstate was advised that Mr. Montano had been willing to take the test. Plaintiff's Response at 4. Allstate was not advised prior to the second polygraph examination in October, 1999, which is the subject of this Motion.

[2] This case is based on diversity of citizenship, 28 U.S.C. § 1332. Defendants removed the case from state court, arguing that Defendant Billie Jo Marsh had been fraudulently joined solely to defeat diversity. The court ruled in Defendants' favor and allowed Plaintiffs to take an interlocutory appeal on that issue. The 10th Circuit has not yet issued its ruling.

sought to introduce into evidence the results of a polygraph examination to support his claim that he was unaware of the cocaine concealed in his car. *Id.* at 1403. The district court did not hold a *Daubert* hearing and found the evidence excludable under Fed.R.Evid. 403. *Id.* at 1405. The defendant appealed, arguing that under Fed.R.Evid. 702 and *Daubert* the district court was required to hold a *Daubert* hearing.

The Tenth Circuit upheld the district court, finding that "even if polygraph evidence should satisfy the requirements of Rule 702, it must still survive the rigors of Rule 403." *Id.* (citing *Daubert*, 509 U.S. at 595). The court found that the defendant

> sought to introduce the polygraph evidence to bolster his credibility. The polygraph results would have corroborated his own testimony that he had no prior knowledge that any cocaine was in the vehicle. The credibility of witnesses is generally not an appropriate subject for expert testimony. Such testimony is often excluded because it usurps a critical function of the jury and because it is not helpful to the jury, which is capable of making its own determination regarding credibility.

129 F.3d at 1406 (citations omitted). *Accord United States v. Scheffer*, 523 U.S. 303, --, 118 S.Ct. 1261, 1266 (1998) ("By its very nature, polygraph evidence may diminish the jury's role in making credibility determinations.")

In this case the Defendants have conceded, for the purposes of their motion, that the polygraph examination would meet *Daubert* criteria, but that the evidence should be excluded under Rule 403. I agree for the same reason set forth above in *Call* and especially because Mr. Montano's polygraph was unilateral; *i.e.*, Defendants were not given notice and were not present. As explained by one court,

> [Because] the results of the test presumably would not have been disclosed if they had been unfavorable[,] . . .the prejudicial effect of [unilateral] test results outweighs their

3

> probative value under Federal Rule of Evidence 403, because the party offering them did not have an adverse interest at stake while taking the test.

*Conti v. Commissioner*, 39 F.3d 658, 663-64 (6th Cir. 1993), *cert. denied*, 514 U.S. 1082 (1995).  *Accord United States v. Saldarriaga*, 179 F.R.D. 140 (S.D.N.Y. 1998)(collecting cases).

As in *Call*, this court finds that the evidence sought to be introduced is more prejudicial than probative.  Fed.R.Evid. 403.  The jury will presumably hear testimony from Mr. Montano and others concerning the night of the accident; it is the jury's sole province to assess the credibility of the witnesses.  To allow scientific opinion to bolster a witness's credibility not only invades this province, but the jury may overvalue such testimony.  *Call*, 129 F.3d at 1406.  And because Mr. Montano had no adverse interest at stake when taking the test, such evidence has little probative value.  *Conti*, *supra*; Fed.R.Evid. 403.[3]

IT IS THEREFORE ORDERED that Defendants' Motion to Preclude Polygraph Evidence or for Independent Polygraph Examination [Doc. 116] is granted insofar as all polygraph evidence will be excluded at trial.

IT IS SO ORDERED.

                                                Richard L. Puglisi
                                    United States Magistrate Judge
                                         (sitting by designation)

---

[3] As to Plaintiffs' request that we hold the ruling in abeyance because the Tenth Circuit may order the case remanded, the court notes that the New Mexico state courts are bound by state rules of evidence and this court is bound by federal rules of evidence. Thus, N.M.R.Evid. 11-707 would apply in the event of remand.