**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Elisabeth A. Shumaker
Chief Deputy Clerk

May 8, 2000    MAY 1 4 2000

Mr. Robert M. March
Clerk
United States District Court for the District of New Mexico
333 Lomas NW, Suite 270
Albuquerque, NM 87102-2242

MAY 1 1 2000

Re:    99-2225, Montano v. Allstate Indemnity
       Dist/Ag docket:  CIV-99-344 RLP/WWD

Dear Mr. March:

Enclosed for the clerk of the trial court or the named agency, is a certified copy of the order and judgment filed in this case which is issued as the mandate of this court. See Fed. R. App. P. 41(a). Please file it in the records of your court or agency.

Please acknowledge receipt of this mandate by file stamping and returning the enclosed copy of this letter. Any original record will be returned to you at a later date.

Please contact this office if you have questions.

Sincerely,

PATRICK FISHER
Clerk

By: _____
    Deputy Clerk

PF:afw
Enclosure

cc:    Joe M. Romero Jr.
       Terry R. Guebert
       Randi M. McGinn
       Robert M. Doughty III
       Clay Pace Campbell
       Stephen M. Simone
       Dale R. Rugge
       Michelle :Lalley Blake

**F I L E D**
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**APR 14 2000**

**FOR THE TENTH CIRCUIT**

**PATRICK FISHER**
Clerk

JOHN MONTANO; RUTHIE
MONTANO, Individually and as
Parents and Guardians of Zackary
Kyle Montano, a minor, and Hannah
Joy Montano, a minor; ZACKARY
KYLE MONTANO; HANNAH JOY
MONTANO,

Plaintiffs-Appellants,

v.

ALLSTATE INDEMNITY;
BILLIE JO MARSH,

Defendants-Appellees.

No. 99-2225
(D.C. No. CIV-99-344 RLP/WWD)
(D. N.M.)

A true copy

**ORDER AND JUDGMENT***

Before **KELLY**, **HENRY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f): 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

John Montano suffered severe injuries in an automobile accident with an uninsured motorist, and sought $400,000 in stacked UM coverage under four policies issued by Allstate Indemnity Company. Allstate insisted coverage was limited to $100,000 by UM endorsements on the four policies. Mr. Montano and his family brought suit in New Mexico state court against Allstate and its agent, Billie Jo Marsh, whom they allege was responsible for any failure to increase UM coverage to $100,000 per policy before the accident. Allstate removed the case to federal court based on diversity jurisdiction, arguing plaintiffs had fraudulently joined Ms. Marsh to defeat diversity. Plaintiffs moved to remand. The district court upheld removal on the basis of fraudulent joinder, denied the motion to remand, and dismissed Ms. Marsh from the action. The court denied plaintiffs' motion for reconsideration, but certified its decision under Fed. R. Civ. P. 54(b) to allow appeal. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981) (acknowledging general rule that denial of remand is not appealable, but holding concomitant dismissal of non-diverse defendants, certified as final under Rule 54(b), permitted review); *Sell v. Volkswagen of Am., Inc.*, 505 F.2d 953, 955 (6th Cir. 1974) (same).

For the reasons expressed below, we conclude that plaintiffs did not fraudulently join Ms. Marsh as a defendant pursuant to state law governing the personal liability of insurance agents. We therefore reverse the district court's denial of plaintiffs' motion to remand and its dismissal of Ms. Marsh, and remand with directions to remand the case to state court.

## Federal Fraudulent Joinder Standards

We review the propriety of removal on the basis of fraudulent joinder de novo. *See Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Further, in assessing state claims asserted against non-diverse parties for such purposes, we review the interpretation of controlling state law de novo as well. *See Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000). *See generally Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991).

The case law places a heavy burden on the party asserting fraudulent joinder. A representative example states:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Hart*, 199 F.3d at 246 (quotation omitted); *see Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 n.3 (2d Cir. 1998) (citing cases); *cf. Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (finding fraudulent joinder where non-liability of joined party was "established with complete certainty upon undisputed evidence."). This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). Finally, as the reference to "*a cause* of action" in the quoted passage reflects, remand is required if any one of the claims against the non-diverse defendant, here Ms. Marsh, is possibly viable. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 207 (5th Cir. 1983) ("Even if [plaintiff] were [precluded] from pursuing all his claims save one in state court, a remand would be necessary.").

## State Law of Liability

Plaintiffs allege that, a month prior to Mr. Montano's accident, they contacted Ms. Marsh's office and directed that their liability and UM limits be increased to $100,000/$300,000 per person/accident. They were provided with an

endorsement for coverage in those amounts, but because it referred only to "bodily injury" and did not expressly indicate that the increase was for both liability and UM coverage, Allstate refused to recognize the higher UM limits after Mr. Montano's accident. Accordingly, plaintiffs allege that, if Allstate properly deemed the endorsement ineffective to raise UM limits (an issue they do not concede), Ms. Marsh is liable for malpractice and breach of fiduciary duty in failing to procure the requested insurance on their behalf.

In New Mexico, "[a]n insurance agent or broker who undertakes to procure insurance for others and, through his fault or neglect, fails to do so, may be held liable for any damage resulting therefrom." *Sanchez v. Martinez*, 653 P.2d 897, 900 (N.M. Ct. App. 1982). In such instances, "[t]he defendant may be sued for breach of contract or negligent default in the performance of a duty imposed by contract or both." *Id.* at 901. This has been the controlling law of the state for some fifty years. *See also, e.g., Brown v. Cooley*, 247 P.2d 868, 871-72 (N.M. 1952); *Corbin v. State Farm Ins. Co.*, 788 P.2d 345, 347 (N.M. 1990); *Topmiller v. Cain*, 657 P.2d 638, 639-40 (N.M. Ct. App. 1983).

Defendants contend this authority is inapplicable, because Ms. Marsh was an agent for a disclosed principal (Allstate), not an independent agent or broker acting on plaintiffs' behalf. In this connection, defendants invoke the general rule that "[i]n the absence of special circumstances, an agent of the insurer is clearly

not the agent of the insured." *Thompson v. Occidental Life Ins. Co.*, 567 P.2d 62, 64 (N.M. 1977) (holding agent for insurance company did not have duty to provide insured with policy advice). Thus, they argue, Ms. Marsh cannot be liable even if she negligently failed to obtain the desired UM coverage from Allstate at plaintiffs' request.

Not one New Mexico case applies the quoted principle from *Thompson* to bar the liability of an agent for negligent procurement of insurance. On the contrary, the state supreme court expressly rejected such an argument in *Jernigan v. New Amsterdam Casualty Company*, 390 P.2d 278 (N.M. 1964). In that case, an agent and his firm were sued for failing to obtain insurance requested by the plaintiff. The supreme court flatly dismissed the agent's attempt to insulate himself from liability based on his status as an agent for the insurer:

> Werntz contends further that since he was acting as agent for New Amsterdam, the disclosed principal, there can be no agency liability [to the plaintiff]. Admittedly, Werntz Agency generally was New Amsterdam's authorized agent, but . . . Werntz Agency was not acting for or in its behalf respecting matters of which plaintiff here complains.

*Id.* at 281 (affirming judgment for plaintiff against agent). Other New Mexico cases reflect straightforward application of negligent-procurement principles to defendants who were agents of the insurer. *See, e.g., Corbin*, 788 P.2d at 346, 347 (identifying defendant as "its [State Farm's] agent"); *Cooley*, 247 P.2d at 869

(identifying defendant as "the agent for several insurance companies"); *see also Topmiller*, 657 P.2d at 640 (noting defendant agent dealt exclusively with insurer whom he had authority to bind). Several other jurisdictions are in accord. *See generally Liability of Insurance Agent or Broker to Insured for Failure to Procure Insurance*, 64 A.L.R. 3d 398, § 11(b) (1976 & 1999 Supp.).

This body of case law is not at odds with *Thompson*, which acknowledged "[t]here are circumstances where an insurance agent will be considered the agent of the insured." 567 P.2d at 64. The long line of cases from *Cooley* to *Corbin* simply illustrates that an agent's undertaking to procure coverage for an insured is one of those circumstances where the agent acts on the insured's behalf. *See generally* 7 Appleman on Insurance 2d, § 47.16 at 400 (1998) ("Where the agent for an insurance company acts on behalf of the insured, *as to such acts* he is to be regarded as the *agent of the insured* and not of the company.") (emphasis added). Further, *Thompson*'s specific holding, that an insurance agent owes no duty to offer the insured policy advice, does not conflict with the quite different principle that, having undertaken to procure coverage for the insured, the agent must do so with professional care. Indeed, given "the realities of the insurance industry that insurance agents are often placed in the position of being dual agents at least with respect to certain elements of the transaction of business," it is not surprising that "the agent may have the duty to exercise reasonable care in obtaining ordered

-7-

coverage but does not have the duty to give advice on available coverages." *Id.*, § 47.17, at 402.

Further, and as a more general matter, "an agent may be held individually liable for his own tortious acts, whether or not he was acting for a disclosed principal." *Kreischer v. Armijo*, 884 P.2d 827, 829 (N.M. Ct. App. 1994); *see Stinson v. Berry*, 943 P.2d 129, 134 (N.M. Ct. App. 1997) (same, citing Restatement (Second) of Agency §§ 343-351 (1958)). In New Mexico, the insurance agent or broker who fails to procure requested insurance may be sued for negligence. *See Sanchez*, 653 P.2d at 900-01. Again, this is in accord with case law elsewhere:

> In most jurisdictions, the cause of action for an insurance agent's failure to procure insurance may be either in contract or in tort. That is so because the relationship between an insurance agent and his or her client is both contractual and fiduciary; it is unaffected by fact that insurance agent represents both insurer and insured; and failure to provide requested coverage may support an action either for breach of contract or for negligence.

8 Appleman on Insurance § 52.2, at 514. Thus, in suing Ms. Marsh for breach of fiduciary duty and malpractice, plaintiffs are merely seeking to hold her "individually liable for [her] own tortious acts," which they may do "whether or not she was acting for a disclosed principal." *Kreischer*, 884 P.2d at 829.

## Conclusion

In light of the foregoing analysis, we cannot say that plaintiffs have no possibility of recovery against Ms. Marsh. Thus, her inclusion as a defendant did not constitute a fraudulent joinder and, consequently, her non-diverse status should have barred removal to federal court. Further, once "the district court improperly denied plaintiffs' motion to remand, the district court thereafter had no jurisdiction to . . . dismiss[] plaintiffs' claims with prejudice. Such [action] . . . would be up to the New Mexico state courts." *Smith v. Blockbuster Entertainment Corp.*, 100 F.3d 878, 881 (10th Cir. 1996).

The order of the district court denying remand and dismissing defendant Marsh is REVERSED. The cause is REMANDED to the district court with directions to remand, in turn, to state court. Appellants' motion to supplement the appendix is granted, though we note that the added materials, relating to amendment of the remaining pleadings against Allstate in district court, do not impact our analysis of the issues on this appeal.

Entered for the Court

Robert H. Henry
Circuit Judge